JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED
APR 10 1980
PATRICIA D. HOWARD
CLERK OF THE PANEL

4/10/80

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE SEARS, ROEBUCK & CO.          )     DOCKET NO. 413
EMPLOYMENT PRACTICES LITIGATION     )

OPINION AND ORDER

---

BEFORE ANDREW A. CAFFREY, CHAIRMAN, AND ROY W. HARPER, CHARLES R. WEINER, EDWARD S. NORTHROP, AND ROBERT H. SCHNACKE, JUDGES OF THE PANEL.

PER CURIAM

This litigation consists of five actions pending in five federal districts: one each in the Northern District of Illinois; the Northern District of Georgia; the Middle District of Alabama; the Western District of Tennessee; and the Southern District of New York.

The present five actions between the Equal Employment Opportunity Commission (EEOC) and Sears, Roebuck and Company (Sears) have evolved over a period of years. On August 30, 1973, the Chairman of EEOC filed an unsworn Commissioner's charge alleging patterns and practices of nationwide discrimination by Sears against minority and female persons. On April 19, 1977, EEOC, by two-to-one vote, found reasonable cause to believe that Sears' employment practices discriminated against minority and female persons. On February 27, 1978, Sears moved EEOC to reconsider the decision, charging, inter alia, "the invalidity of the Commissioner's charge and conflicts of interest which invalidated the investigation and denied

procedural and substantive due process to Sears." On January 24, 1979, Sears sued EEOC, among other parties, "seeking to require the federal government to cease restricting the employment opportunities of American citizens."

On October 22, 1979, EEOC filed five separate actions (which are the subject of the present motion before the Panel) in five districts against Sears. Each action is brought under Title VII of the Civil Rights Act of 1964, as amended, 28 U.S.C. §2000e et seq. (1976) (Title VII).

The complaint in the Illinois action alleges that, in violation of Title VII, Sears has, since July 2, 1965, intentionally engaged in, and continues intentionally to engage in, employment practices that discriminate against female individuals. The alleged unlawful practices include, but are not limited to, discrimination in recruitment, selection, assignment, transfer training, promotion, wages and policies related to pregnancy at all Sears facilities in the continental United States. EEOC also alleges that Sears has willfully violated Sections 6(d)(1) and 15(a)(2) of the Fair Labor Standards Act, 29 U.S.C. §206, by discriminating against female employees by paying them at its establishments throughout the United States at rates lower than the rates at which it pays wages to male employees in those establishments for equal work on jobs, the performance of which requires equal skills, effort, and responsibility, and which are performed under similar working conditions.

The complaint in the Tennessee action alleges that Sears has intentionally engaged in, and continues intentionally to engage in, unlawful employment practices that discriminate

against black applicants with respect to hiring at one of its facilities in Memphis, Tennessee.

The complaint in the New York action alleges that Sears has intentionally engaged in, and continues intentionally to engage in, unlawful employment practices that discriminate against black and Hispanic applicants at two Sears' facilities in the New York City area.

The complaint in the Georgia action alleges that Sears has intentionally engaged in, and continues intentionally to engage in, unlawful employment practices that discriminate against black applicants at three of its facilities in the Atlanta, Georgia area.

The complaint in the Alabama action alleges that Sears has intentionally engaged in, and continues intentionally to engage in, unlawful employment practices that discriminate against black applicants with respect to hiring at one of its facilities in Montgomery, Alabama.

Only limited discovery has occurred in each of the actions. In addition, motions to dismiss and/or motions for summary judgment are pending in each of the five actions. These motions are based on, *inter alia*, allegations of misconduct by EEOC, including conflicts of interest among EEOC personnel involved in EEOC's investigation of Sears.

Presently before the Panel is a motion filed by EEOC, pursuant to 28 U.S.C. §1407, to centralize all actions in this litigation in the Northern District of Illinois for coordinated or consolidated pretrial proceedings. Sears opposes the motion.

We find that, although some or all of these actions may involve some common questions of fact, transfer under Section 1407 would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation. Accordingly, we deny the motion to transfer.

EEOC states as follows in its reply brief before the Panel:

> While Sears' role in controlling and monitoring the employment practices of all its facilities may raise certain common issues, it is clear that the distinctive elements of the issue of Sears' liability in these five cases -- one involving across-the-board allegations of sex discrimination at 3,000 facilities, the others involving allegations of hiring discrimination as to minorities at no more than three facilities in any one case -- overwhelmingly predominate.

Nevertheless, EEOC argues that transfer under Section 1407 is appropriate in order to resolve the questions raised by Sears in its motions for dismissal and/or summary judgment. EEOC contends that resolving those motions will raise the following common questions of fact, inter alia: (1) "whether [Sears'] requested discovery of [EEOC's] internal process is sufficiently relevant and material to justify the expense and inconvenience to [EEOC] of complying with the requests"; and (2) "whether [Sears'] need for the requested discovery outweighs the privileges [EEOC] will assert with respect to much of the material sought and outweighs the rights of privacy of [EEOC] employees to whom parts of the discovery pertain." EEOC represents that Sears has made "extensive" and "identical" interrogatory inquiries in each of the actions, and that Sears is seeking confidential memoranda that EEOC contends are protected by the attorney-client privilege.

Thus, EEOC asserts, coordinated or consolidated pretrial proceedings before a single judge would prevent unnecessary duplication in discovery, eliminate the possibility of inconsistent pretrial rulings, and reduce the expense and inconvenience to the courts and all parties.

We find movant's arguments self-defeating. Individual rather than common factual questions predominate regarding the liability aspects of the five actions before us, as movant candidly recognizes. EEOC represents that it is pushing for denial of the dismissal and/or summary judgment motions without discovery. If EEOC prevails on this contention, these motions will involve no factual questions. If EEOC loses on this contention, resolution of the motions, at best, will involve mixed questions of fact and law. In any event, whatever common questions of fact that may be involved in determining these motions are simply insufficient, in our view, to overcome the overall predominance of individual factual questions regarding all the issues presented in each of these five actions. Thus, we conclude that these actions can proceed more expeditiously if left alone. Compare <u>In re Gasoline Lessee Dealers Antitrust Litigation</u>, 479 F. Supp. 578, 580 (J.P.M.L. 1979) <u>with</u> <u>In re Oklahoma Insurance Holding Company Act Litigation</u>, 464 F. Supp. 961, 965 (J.P.M.L. 1979).

We observe that suitable alternatives to Section 1407 transfer are available in order to minimize the possibility of duplicative discovery, especially because the same plaintiff and defendant are involved in all five actions. For example, notices for a particular deposition could be filed in all actions, thereby making the deposition applicable in each action; the parties could seek to agree upon a stipulation that any discovery

relevant to more than one action may be used in all those actions; either party could seek orders from the appropriate district courts directing the parties to coordinate any pretrial efforts germane to more than one action; and either party may request from the appropriate district courts that discovery completed in any action and relevant to one or more of the other actions be made applicable to those actions. See also In re The Upjohn Company Antibiotic Cleocin Products Liability Litigation, 81 F.R.D. 482 (E.D. Mich. 1979); Manual for Complex Litigation, Parts I and II, §§3.11 (rev. ed. 1977). Also, consultation and cooperation among the five concerned district courts, if viewed appropriate by those courts, coupled with the cooperation of the parties, would minimize the possibility of conflicting pretrial rulings. See In re Texas Instruments Inc. Employment Practices Litigation, 441 F. Supp. 928, 929 (J.P.M.L. 1977).

IT IS THEREFORE ORDERED that the motion pursuant to 28 U.S.C. §1407 to transfer the actions listed on the following Schedule A be, and the same hereby is, DENIED.

DOCKET NO. 413
Schedule A

Northern District of Illinois
Equal Employment Opportunity Commission v. Sears, Roebuck & Co., C.A.No. 79C4373
  Northern District of Georgia
Equal Employment Opportunity Commission v. Sears, Roebuck & Co., C.A. No. C79-1957A
  Middle District of Alabama
Equal Employment Opportunity Commission v. Sears, Roebuck & Co., C.A. No. 79-507-N
  Western District of Tennessee
Equal Employment Opportunity Commission v. Sears, Roebuck & Co., C.A. No. 79-2695-B
  Southern District of New York
Equal Employment Opportunity Commission v. Sears, Roebuck & Co., C.A. No. 79 Civ. 5708